| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |

LARRY J. MILLER
321 Hawthorn Drive
West Bend, WI 53095,

08CV004358

HON. MICHAEL B. BRENNAN, BR. 15

Plaintiff,

CIVIL P

AETNA HEALTH AND LIFE INSURANCE CORPORATION
d/b/a AETNA U.S. HEALTHCARE
151 Farmington Avenue, Rt. 21
Hartford, CT 06156,

Involuntary Plaintiff,

-vs-

Case No. _____
Intentional Tort: 30106
Personal Injury – Other: 30107
Unclassified: 40803

MILWAUKEE COUNTY
4/4/08  Milwaukee County Clerk
901 N. 9th Street
Milwaukee, WI 53233,

PROCESS SERVER _____
TIME _____ A.M.-P.M. DATE _____
SERVED UPON & ADDRESS _____

-and-

( ) PERSONAL    ( ) SUBSTITUTE
( ) POSTED      ( ) CORPORATE

ALVIN MOE
4/14/08  in his official and individual capacities,
Milwaukee County Deputy Sheriff
821 W. State Street
Milwaukee, WI 53233,

FILED AND
AUTHENTICATED
O  MAR 28 2008  O
JOHN BARRETT
Clerk of Circuit Court

Defendants.

## SUMMONS

**THE STATE OF WISCONSIN,**

To each person named above as a defendant:

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The attached Complaint states the nature and basis of the legal action. You must respond to this Summons by filing a written answer ("Answer"), as that term is used in Chapter 802 of the Wisconsin Statutes, to the attached Complaint, with the court. You must file your Answer

of the Wisconsin Statutes, to the attached Complaint, with the court. You must file your Answer with the court within twenty (20) days of your receipt of this Summons unless you determine that a cause of action raised in the Complaint is founded in tort. If you determine that a cause of action raised in the Complaint is founded in tort, your Answer must be filed with the court within forty-five (45) days of your receipt of this Summons.

The court may reject or disregard an Answer that does not follow the requirements of the Wisconsin Statutes. The Answer must be sent or delivered to the Milwaukee County Courthouse, whose address is 901 N. 9th Street, Milwaukee, Wisconsin 53233, and to the plaintiff's attorneys, whose address is LOWE LAW OFFICES, S.C., 11616 West North Avenue, Suite A, Wauwatosa, WI 53226. You may have an attorney help or represent you.

If you do not provide a proper Answer within the applicable twenty (20) or forty-five (45) day time period, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated: March 28th, 2008.

LOWE LAW OFFICES, S.C.
Attorneys for Plaintiff, Larry J. Miller

By: _____
Christopher Lowe
WI State Bar No. 01009790

P.O. Address:

11616 West North Avenue, Suite A
Wauwatosa, WI 53226
Tel: (414) 476-1900

| | | |
|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |

08CV004358

LARRY J. MILLER
321 Hawthorn Drive
West Bend, WI 53095,

                  Plaintiff,

AETNA HEALTH AND LIFE INSURANCE CORPORATION
d/b/a AETNA U.S. HEALTHCARE
151 Farmington Avenue, Rt. 21
Hartford, CT 06156,

                  Involuntary Plaintiff,

  -vs-                                                   Case No. _____
                                                        Intentional Tort: 30106

MILWAUKEE COUNTY                          Personal Injury – Other: 30107
Milwaukee County Clerk                      Unclassified: 40803
901 N. 9th Street
Milwaukee, WI 53233,

  -and-

ALVIN MOE
in his official and individual capacities,
Milwaukee County Deputy Sheriff
821 W. State Street
Milwaukee, WI 53233,



FILED AND AUTHENTICATED
MAR 28 2008
JOHN BARRETT
Clerk of Circuit Court

                  Defendants.

## COMPLAINT

      The plaintiff, by his attorneys, Lowe Law Offices, S.C., as and for the complaint against the above-named defendants, alleges and states as follows:

### PARTIES

    1.    The plaintiff, Larry J. Miller ("Miller"), is an adult resident of the State of Wisconsin residing at 321 Hawthorn Drive, West Bend, WI 53095. Miller suffered injuries

while in the defendants' custody.

2. The involuntary plaintiff, Aetna U.S. Healthcare ("Aetna"), is an insurance company with offices at 151 Farmington Ave., Rt. 21, Hartford, CT 06156, and licensed to do business in the State of Wisconsin. Aetna provided medical and hospital benefits to Miller and in that capacity may have made hospital and medical payments to or on behalf of Miller and may be obligated to make such payments in the future, and may therefore be entitled to subrogation to the extent of its payments. Miller alleges doubt as to whether or not Aetna is truly subrogated or interested in this action, but Aetna is joined as a party for the purpose of complying with the provisions of Wis. Stat. §803.03, and that no claim for affirmative relief is sought herein by the plaintiff against Aetna.

3. The defendant, Milwaukee County, was and is at all times material herein a municipal corporation organized pursuant to Chapter 59 of the Wisconsin Statutes.

4. The defendant, Alvin Moe ("Moe"), was at all times material herein an adult resident of Milwaukee County and is a Milwaukee County Deputy Sheriff. In that capacity, he is charged with the responsibility under *Wis. Stat.* §59.27 to take charge and custody of the Milwaukee County Jail and the inmates in the jail. The defendant's duties included escorting inmates from their cells to other locations within the jail.

5. A Notice of Claim pursuant to *Wis. Stat.* §893.80 for money damages against the defendants was served on September 17, 2007. The defendants issued a written denial of the claim dated October 2, 2007.

6. The acts of the defendants as hereafter alleged were substantial factors contributing to the injuries sustained by Miller. Each defendant is jointly and severally liable with the others for Miller's injuries.

## CONSTITUIONAL PROTECTED INTERESTS

7. As a citizen of the United States, Miller is protected against use of excessive force without cause or justification as guaranteed by the Fourteenth Amendment to the United States Constitution and is also protected by the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## FACTUAL ALLEGATIONS

8. Miller was an inmate at the Milwaukee County Jail from approximately November, 2006 through approximately April, 2007. On or about January 9, 2007 at approximately 6:00-10:00 p.m., while in the custody of the Milwaukee County Sheriff's Department at the Milwaukee County Jail, City of Milwaukee, State of Wisconsin, Miller suffered serious and permanent injuries as a result of the physical conduct of the defendant, Moe. Specifically, Miller suffered a fractured left femur and other injuries when Moe pushed/flung Miller to the concrete floor of Miller's jail cell.

9. As a result of the unlawful conduct by the defendant as set forth herein, Miller sustained personal injuries that resulted in severe and permanent damages including pain and suffering, emotional distress, medical expenses, and other compensable injuries and damages in an amount to be determined at the trial in this matter.

## COUNT I: EXCESSIVE FORCE

10. The plaintiff realleges and incorporates by reference paragraphs 1 through 9 as if fully set forth herein.

11. At all relevant times herein the defendant, Moe, was a "person" for purposes of 42 U.S.C. §1983 and acted under color of state law to deprive Miller of his constitutional rights.

3

12. As described herein, the defendant, Moe, used unnecessary and excessive force, including but not limited to, having pushed/flung Miller to the floor of his jail cell.

13. The conduct of the defendant, Moe, constituted the use of excessive force without cause or justification in violation of Miller's Fourth Amendment rights as incorporated by the Fourteenth Amendment and/or his equal protection rights guaranteed by the Fourteenth Amendment.

14. At all times material hereto, the defendant, Moe, was a Milwaukee County Sheriff Deputy acting under color of the statutes, customs, ordinances and usage of Milwaukee County and the Milwaukee County Sheriff Department, and was acting in the scope of his employment.

15. The described conduct of the defendant, Moe, was a cause of Miller's damages as set forth herein. The defendant, Milwaukee County, is liable for payment of any judgment entered against the individual, employed defendant in this action because the defendant, Moe, was acting within the scope of his employment when he committed the acts described herein.

## COUNT II: STATE LAW INTENTIONAL TORT

16. The plaintiff realleges and incorporates by reference paragraphs 1 through 15 as is fully set forth herein.

17. As described herein, the defendant, Moe, violently assaulted Miller when he (Moe) push/flung Miller to the floor of his jail cell, resulting in Miller sustaining severe physical injuries and other damages.

18. At all times material hereto, the defendant, Moe, was a Milwaukee County Sheriff Deputy acting under color of the statutes, customs, ordinances and usage of Milwaukee County and the Milwaukee County Sheriff Department, and was acting in the scope of his employment.

19. The described conduct of the defendant, Moe, was a cause of Miller's damages as

set forth herein. The defendant, Milwaukee County, is liable for payment of any judgment entered against the individual, employed defendant in this action because the defendant, Moe, was acting within the scope of his employment when he committed the acts described herein.

### COUNT III: STATE LAW NEGLIGENCE CLAIM

20. The plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. As an alternative cause of action, the defendant, Moe, was negligent in his use of force against Miller and that such negligence was a cause of Miller's damages as set forth herein.

### COUNT IV: PUNITIVE DAMAGES

22. The plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. The above described conduct of the defendant, Moe, was unlawful, extreme, malicious, outrageous and/or intentional.

24. Such conduct was intended to cause Miller severe personal injuries.

25. Such conduct on the part of the defendant, Moe, was a cause of the personal injuries suffered by Miller as alleged herein.

26. At all times material hereto, the defendant, Moe, acted maliciously and/or with reckless disregard and/or with deliberate indifference toward Miller and/or intentional disregard of his rights such as to subject the defendants to punitive damages.

### DEMAND FOR JUDGMENT AND RELIEF

WHEREFORE, the plaintiff demands a jury of twelve in judgment against the defendants, jointly and severally, as follows:

A. For a judgment against the defendants in an amount to be determined for compensatory damages;

B. A determination of the subrogation interests, if any, of Aetna Health and Life Insurance Corporation; and;

C. For punitive damages, and

D. For reasonable attorney's fees, including fees pursuant to 42 U.S.C. § 1988, together with costs and other such relief as the court deems just and appropriate.

Dated this 28th day of March, 2008.

LOWE LAW OFFICES, S.C.
Attorneys for Plaintiff, Larry J. Miller

By: _____
Christopher Lowe
WI State Bar No. 01009790

P.O. Address:
11616 West North Avenue, Suite A
Wauwatosa, WI 53226
Tel: (414) 476-1900

**TRIAL BY A JURY OF TWELVE IS HEREBY DEMANDED**

6